Herbert D. Hamm, J.
This is a proceeding to compel the respondent Civil Service Commission to certify the petitioner’s name for promotion to the grade of rent examiner.
On May 15, 1954, two examinations were conducted for the position of rent examiner. One was an open competitive examination and the other was a competitive promotion examination. The notice for the open competitive examination stated: “A promotion examination for this title will be held at the same time as this open-competitive examination. Although the law requires that the promotion list be used first in making appointments, it is anticipated that there will be a sufficient number of appointments so that the open-competitive list will be used also.” The eligible list resulting from the promotion examination was established on August 17, 1954, and the eligible list from the open competitive examination on Novem *979 ber 23, 1954. The petitioner’s name appeared on the open competitive eligible list; he had not been qualified to take the promotion examination as he did not at the time hold a competitive position in a lower grade. The total of 23 names on the promotion list was exhausted and 4 permanent appointments were made from the open competitive list. The last appointment was made on October 31, 1955.
Subdivision 8 of section 14 of the Civil Service Law as pertinent provides: ‘ ‘ Appointments shall be made to or employment shall be given in all positions in the competitive class that are not filled by promotion, reinstatement, transfer or demotion under the provisions of this chapter, and the rules in pursuance thereof, by appointment from among those graded highest in open competitive examinations conducted by the state department or municipal commission, except as herein otherwise provided.”
With reference to filling vacancies by promotion subdivision 1 of section 16 states in part: “ Vacancies in positions in the competitive class shall be filled, as far as practicable, by promotion from among persons holding competitive class positions in a lower grade in the department in which the vacancy exists, provided that such lower grade positions are in direct line of promotion, as determined by the state civil service department or municipal commission.”
Subdivision 1 of rule VIII of the Buies for Classified Civil Service states: ‘ ‘ Appointments shall be made to or employment shall be given in all positions in the competitive class that are not filled by promotion, reinstatement, transfer or reduction under these rules, by selection of one of the three persons who are willing to accept and are graded highest on the most nearly appropriate eligible list resulting from open competitive examination held by the department, except as herein otherwise provided.” (N. Y. Off. Comp, of Codes, Buies & Begulations [9th Supp.], p. 81.)
Subdivision 1 of rule XIV, which is declaratory of subdivision 1 of section 16 of the Civil Service Law (supra), provides: “ Vacancies in positions in the competitive class shall be filled, so far as practicable, by promotion from among persons holding competitive class positions on a permanent basis in a lower grade in the department in which the vacancy exists, provided that such lower grade positions are in direct line of promotion, as determined by the State Civil Service Department. * * * Original appointment to positions shall be allowed only when the Civil Service Department shall find it impracticable to fill the positions by promotion from among persons holding posi *980 tions in a lower grade in the department in which the vacancy exists.” (N. Y. Off. Comp, of Codes, Rules & Regulations [9th Supp.],_ p. 90.)
Subdivision 5 of rule XI as to eligible lists provides: ‘ ‘ The term of eligibility shall be fixed by the president of the commission at not less than one nor more than four years, with reference mainly to the probable number and frequency of certifications to be made from such lists respectively.” (Ñ. Y. Off. Comp, of Codes, Rules & Regulations [9th Supp.], p. 86.)
When a competitive promotion and open competitive examination for the same title are held at the same time, the promotion examination is certified first. It is the policy of the respondent that, when the promotion list is exhausted, the open competitive list is used until one year following the date of its establishment. The petitioner has no objection to this except for the suspension of the open competitive list at the year’s end. It is the further policy of the respondent that, if at the end of that year, a new promotion field has developed and the promotion list has been exhausted, the eligible list will be suspended and a new competitive promotion examination will be held. By field of promotion it is meant that there are sufficient present incumbents permanently holding lower positions in direct line of promotion to a higher position so as to make it practicable to hold a promotion examination in which such incumbents may compete for such higher position. This policy, which has received the formal approval of the Attorney-General, appears not to be unreasonable or arbitrary.
Pursuant thereto in November, 1955, at the end of the expired year, the open competitive eligibility list was suspended and thereafter an examination was announced for June 15, 1957. The petitioner on May 15, 1954 had successfully completed a competitive, examination for junior rent examiner and at the time this proceeding was brought, he had been employed in that capacity for more than a year. It is his contention that he should be certified by the respondent as such certification would not be in derogation of the requirement that vacancies be filled as far as practicable by promotion from among persons holding competitive class positions in a lower grade in direct line of promotion. But, if the petitioner’s name were now certified and if he were now appointed, it would not be as a result of competition with others in direct line of promotion. His certification would give him a preferred status over other such incumbents although the eligibility of the latter as established by a competitive promotion examination might be higher than his if he had been eligible to compete.
*981 This is a proceeding under article 78. It concerns an administrative determination in the exercise of discretion, and such determination may not be disturbed if there be any rational basis for it.
If the respondent was dilatory, of which there are no factual allegations, in preparing and announcing the competitive promotion examination after suspension of the open competitive list, the petitioner had a remedy to compel action but the relief to have been granted in such a proceeding would not have required certifying his name.
The petition is dismissed, without costs.
Submit order on three days’ notice.